**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

**MISTRELL ALVIN,**

**Movant,**

v.                    **6:11-cv-65**

**UNITED STATES OF AMERICA,**

**Respondent.**

## ORDER

## I.    INTRODUCTION

Before the Court are Movant Mistrell Alvin's ("Alvin") "Motion for Reconsideration and Motion to Address Claims the Court Failed to Address," "Motion for Reconsideration and Clarification of the Record," and "Motion to Present Newly Discovered Evidence." *See* Docs. 36; 38; 39.

## II.    ANALYSIS

Alvin was convicted of conspiracy to possess with the intent to distribute cocaine. *See United States v. Alvin*, 6:06-cr-26, Doc. 720 (S.D. Ga. Jan. 23, 2008). The Eleventh Circuit upheld Alvin's sentence on appeal. *See United States v. Bacon*, 598 F.3d 772 (11th Cir. 2010).

On June 6, 2011, Alvin moved for 28 U.S.C. § 2255 relief. *See* Doc. 1. On January 10, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending denial of Alvin's motion, which this Court adopted over Alvin's objections. *See* Docs. 30; 33; 34.

On February 29, 2012, Alvin filed a Federal Rule of Civil Procedure 59(e) motion to alter the judgment. *See* Doc. 36. The Magistrate Judge issued an Order denying the motion. *See* Doc. 37. The Magistrate Judge, however, did not have the authority to issue the order disposing of the motion. *Cf.* S.D. GA. L.R. 72.3. Thus, the Magistrate Judge's order is a legal nullity, which the Court will disregard. Alvin's second Rule 59(e) motion, *see* Doc. 38, is ***GRANTED*** in ***PART***, ***DENIED*** in ***PART***. The Court considers Alvin's first Rule 59(e) motion anew. Yet, as discussed *infra*, the Court denies his first Rule 59(e) motion.

"[T]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (internal citation and quotation omitted) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). A Rule 59(e) motion must be filed no later than 28 days after judgment. *See* FED. R. CIV. P. 59(e). Alvin's first 59(e) motion is timely. *See* Doc. 36 at 25-26 (signed on February 25, 2012 and postmarked on February 27, 2012).

Alvin claims the Court violated *Clisby v. Jones* by failing to address several of the claims in his § 2255 motion. *See* Doc. 36 at 1. In *Clisby*, the Eleventh Circuit instructed district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief. 960 F.2d 925, 936 (11th Cir. 1992); *see also Rhode v.*

*United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* to a federal prisoner's § 2255 motion). Alvin's *Clisby* argument, however, is meritless. The R&R resolved all fifteen grounds and the corresponding subparts that were raised in Alvin's § 2255 motion. *See* Doc. 30.

Alvin claims the Court failed to address his claim that "[t]he Government never received authorization to wire tap [the] target telephone [number]." *See* Doc. 36 at 3. The R&R, however, resolved all of Alvin's claims under Ground One, concluding that they were procedurally defaulted and that he had not demonstrated that ineffective assistance of counsel was responsible for the default. *See* Doc. 30 at 13.

Alvin also claims that the Magistrate Judge failed to make a finding on his claim "that counsel was ineffective for failing to request a continuance, investigate and suppress the unlawful wiretaps." *See* Doc. 36 at 7. Yet, the Magistrate Judge recommended denying all of Alvin's ineffective assistance claims raised in his § 2255 motion. *See* Doc. 30 at 13-16.

The gist of Alvin's remaining arguments is that the Magistrate Judge made clear errors of law and fact. Alvin claims the Magistrate Judge clearly erred because the record allegedly demonstrates that the government impermissibly began wiretapping before the judge's order and that his counsel was therefore ineffective in not raising the issue. *See* Doc. 36 at 5-6. Alvin also argues that the government agent erred by allegedly submitting an affidavit to the district judge two months prior to

receiving authorization from the Justice Department to wire tap and that his counsel was ineffective for failing to investigate and raise this issue. *See id.* at 7-10.

Alvin then claims his counsel erred in not moving to dismiss count one of his indictment as defective. *See id.* at 11-13. Alvin argues that the Government committed a *Brady* violation. *See id.* at 14-15. Furthermore, Alvin avers that the Magistrate Judge clearly erred in denying his ineffective assistance claim against his appellate counsel under Ground Thirteen. *See id.* at 16-18.

Finally, Alvin contends the Court erred in denying his discovery motions, motion to subpoena evidence, and motion to appoint counsel. *See id.* at 19-22. Alvin avers that the granting of these motions would allow him to prove his allegations. *See id.* at 21.

Alvin essentially attempts to re-litigate the claims and arguments raised in his § 2255 motion and rejected by the Magistrate Judge and this Court pursuant to its adoption Order. Alvin does not demonstrate manifest error of law or fact. His first Rule 59(e) motion is ***DENIED***.

On April 19, 2012, Alvin filed his third Rule 59(e) motion presenting what he describes as newly discovered evidence. *See* Doc. 39. This "evidence" consists of five pages, along with a corresponding letter, obtained via a Freedom of Information Act ("FOIA") request to the Office of Enforcement Operations of the Department of Justice's ("DOJ") Criminal Division. *See id.* at 7-13. The letter is dated September 17, 2010. *See id.* at 7. Alvin claims the documents just now came into

possession because he first needed the consent of a fellow defendant in his criminal case. *See id.* at 1-2.

Alvin claims the evidence demonstrates that the Government fabricated the DOJ's May 30, 2006 authorization of the pursuit of a wiretap, thus committing a fraud upon the Court. *See id.* at 2-5; *see also* Doc. 18-1 at 2-3. He asserts that because this memorandum authorizing the wiretap was not obtained through his fellow defendant's FOIA request, then the memorandum must have been falsified. *See id.* at 2. He avers that this alleged falsification prevented him from fully litigating his claims and now entitles him to habeas relief. *See id.* at 3-4.

The Government responds that Alvin's motion is untimely. *See* Doc. 40 at 2. Rule 59(e) motions must be raised within 28 days after the entry of judgment. FED. R. CIV. P. 59(e). This Court denied Alvin's § 2255 motion on January 30, 2012. *See* Doc. 34. Alvin brought this motion well more than twenty-eight days later, and thus it is untimely. *See* Doc. 39 (signed on April 13, 2012). The Court could construe the filing as a Rule 60(b) motion, but such a motion based on newly discovered evidence would constitute an impermissible successive motion. *See* FED. R. CIV. P. 60(b)(2) (allowing relief from judgment based on newly discovered evidence); 28 U.S.C. §§ 2244(b), 2255(h).

Alvin, however, argues that the Government committed fraud upon this Court, and the Court will consider the merits of his argument. *Cf. Galatolo v. United States*, 394 F. App'x 670, 671-72 (11th Cir. 2010) (stating that a Rule 60(b)(3) motion is not impermissibly successive). This Court has previously rejected a variation of his argument that the Government committed fraud. *See* Docs. 30 at 3-14; 34.

Alvin here has not shown that the DOJ memorandum authorizing the wiretap should have been provided in response to the particular FOIA request or otherwise should have been part of the publicly available file. This alleged "newly discovered evidence" does not demonstrate that the Government fabricated the DOJ authorization memorandum or that his counsel was ineffective in raising the particular issue. *Cf. Alvin*, 6:06-cr-26, Doc. 1141 at 1-2 (denying Alvin's motion for reconsideration based on "newly discovered evidence" because the evidence had been available before the deadline's expiration). Alvin has not presented sufficient evidence to support his serious allegation that the Government falsified the DOJ authorization memorandum. Therefore, his motion is ***DENIED***.

## III. CONCLUSION

Alvin's first Rule 59(e) motion, *see* Doc. 36, is ***DENIED***.

Alvin's second Rule 59(e) motion, *see* Doc. 38, is ***GRANTED*** in ***PART***, ***DENIED*** in ***PART***. The Court has considered his first Rule 59(e) motion anew but has denied the motion.

Alvin's "Motion to Present Newly Discovered Evidence," *see* Doc. 39, is ***DENIED***.

This 3rd day of May 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA