UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MISTRELL ALVIN,

Movant,

v.                    6:11-cv-65

UNITED STATES OF AMERICA,

Respondent.

# ORDER

## I. INTRODUCTION

Before the Court is Movant Mistrell Alvin's ("Alvin") "Application to Expand Certificate of Appealability and Enlargement of Time to File an COA," which the Court construes as a notice of appeal. *See* Doc. 44. Moreover, the Court construes Alvin's notice of appeal as a request for a Certificate of Appealability ("COA") and for in forma pauperis ("IFP") status on appeal. *See* Doc. 45; *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

## II. ANALYSIS

Alvin was convicted of conspiracy to possess with the intent to distribute cocaine. *See United States v. Alvin*, 6:06-cr-26, Doc. 720 (S.D. Ga. Jan. 23, 2008). The Eleventh Circuit upheld Alvin's sentence on appeal. *See United States v. Bacon*, 598 F.3d 772, 777-78 (11th Cir. 2010).

On June 6, 2011, Alvin moved for 28 U.S.C. § 2255 relief. *See* Doc. 1. On January 10, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending denial of Alvin's motion, which this Court adopted over Alvin's objections. *See* Docs. 30; 33; 34.

On February 29, 2012, Alvin filed a Federal Rule of Civil Procedure 59(e) motion to alter the judgment. *See* Doc. 36. Alvin proceeded to file two additional Rule 59(e) motions. *See* Docs. 38; 39. On May 3, 2012, this Court denied all three motions. *See* Doc. 41.

Yet, also on May 3, 2012 and before Alvin's receipt of the Court's aforementioned Order, Alvin filed an "Application to Expand Certificate of Appealability and Enlargement of Time to File an COA" with the Eleventh Circuit. *See* Doc. 44. The circuit construed the motion as a notice of appeal and sent the motion to this Court. *See id.* at 14; *see also* FED. R. APP. P. 4(d).

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Because Alvin appealed before receipt of the Court's May 3, 2012 Order disposing of his three Rule 59(e) motions, Alvin's appeal only covers the Court's adoption Order and the Magistrate Judge's subsequent order denying Alvin's first Rule 59(e) motion.

In the R&R, the Magistrate Judge discerned "no COA-worthy issues" and concluded that "no COA should issue." *See* Doc. 30 at 33. This Court adopted the R&R. *See* Doc. 34. For the reasons expressed in the R&R, the Court *DENIES* Alvin's request for a COA related to all of the claims raised in his § 2255 motion.

Although the Magistrate Judge did not have authority to deny Alvin's first Rule 59(e) motion, Alvin presents no COA-worthy issues in his first Rule 59(e) motion. *See* Doc. 41 at 1-2 (denying Alvin's motion as an attempt to re-litigate his previously rejected claims). Considering the timing of his notice of appeal, Alvin presumably sought to raise with the Eleventh Circuit the same issues addressed in his three motions for reconsideration. The Court subsequently considered and disposed of the issues articulated in Alvin's notice of appeal before its awareness of Alvin's appeal. *See* Doc. 41.

Accordingly, a review of the record demonstrates that Alvin has not made "a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. No reasonable jurist would find it debatable whether Alvin states a valid claim of the denial of a constitutional right. His motion for a COA is *DENIED*.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

In the R&R adopted by this Court, the Magistrate Judge recommended the denial of IFP status on appeal. *See* Doc. 30 at 33. For the reasons expressed by the R&R and after a review of the issues raised by Alvin, the Court concludes that Alvin's claims are frivolous and his appeal is not taken in good faith. His implied motion for IFP status on appeal is *DENIED*.

III. CONCLUSION

Alvin's request for a COA, *see* Doc. 45, is *DENIED*.

Alvin's implied motion for IFP status on appeal, *see* Doc. 45, is *DENIED*. The Court assesses the full filing fee of $455.

2

This 18th day of June 2012.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA